ALTENBERND, Judge,
Concurring.
On July 4, 1776, in deciding to declare independence from a king who was regarded as a despot, Thomas Jefferson and John Adams provided a list of grievances that *572 justified the revolutionary decision. One of those grievances stated: “For depriving us in many cases, of the benefits of Trial by Jury.” The Declaration of Independence para. 20 (U.S.1776).
After a long and painful war for independence, we placed the Seventh Amendment into our federal constitution to assure that in suits at common law with a value exceeding twenty dollars, “the right of trial by jury shall be preserved.” U.S. Const. Amend. VII. Florida went a step farther declaring: “The right of trial by jury shall be secure to all and remain inviolate.” Art. I, § 22, Fla. Const.
Typically, a person can waive a constitutional right only by a knowing and intelligent decision. See, e.g., Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). But somehow in deference to the supposed economic efficiency of arbitration, our society seems to be more and more willing to allow the use of form contracts, not subject to negotiation, that force patients, the elderly, the marginally literate, and ordinary consumers of everyday products to waive their constitutional right to trial by jury in common law cases — before the common law cause of action even exists — in order to receive basic goods and services. As this case demonstrates, this occurs even when the people have never personally entered into agreements of any sort.
Leydiana Santiago went to see Dr. Marisa Baker in January 2011. She signed an arbitration agreement, apparently on her first visit. Her husband did not sign the agreement. Z.O.S. had not even been conceived, much less born, when Ms. Santiago signed this agreement.
The agreement states:
It is the intention of the parties that this Agreement bind all parties whose claims may arise out of or relate to treatment or services provided by the provider of medical services, including the patient, the patient’s estate, any spouse or heirs of the patient, any biological or adoptive parent of the patient and any children of the patient, whether born or unborn, at the time of the occurrence giving rise to the claim. In the case of any pregnant mother, the term “patient” herein shall mean both the mother and the mother’s expected child or children.
This agreement may reflect Dr. Baker’s “intention” to require her patients to fore-go their constitutional rights in order to receive medical service. It may be binding on Leydiana Santiago. It may even bind someone whose common law claim is derivative of Ms. Santiago’s claim. But Armando Ocasio has a claim as parent and natural guardian of Z.O.S. Mr. Ocasio did not sign this agreement and he received no consideration for this agreement. By voting to enforce this agreement, I cannot help feeling that I am violating his constitutional right to a trial by jury.
Juries are not a relic of our history. In both civil and criminal cases, juries serve as a check upon the concentration of power in judges and other members of the political and economic elite. As Floridians, we have constitutionally protected as “inviolate” the right to trial by jury not because it is efficient or tidy, but because the participation of ordinary citizens is essential to a healthy balance of power within a democracy.
Somehow, Z.O.S. waived an inviolate right to trial by jury before conception and before this infant had a common law cause of action to be litigated. I am convinced that the holding in Global Travel Marketing, Inc. v. Shea, 908 So.2d 392, 405 (Fla. 2005), supports this outcome in this case. As the court’s opinion correctly notes, the issues preserved by trial counsel in the trial court also have limited the ability of *573 Z.O.S’s counsel to pursue this issue on appeal.
But I obey what appears to be the rule of law without any enthusiasm and with a fear that I have disappointed Thomas Jefferson and John Adams.